IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT and RENEE WAAS, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>RED LEDGES LAND DEVELOPMENT, INC., a Florida corporation,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:20-cv-00-580-TC<br><br>Judge Tena Campbell |

Plaintiffs Robert and Renee Waas (the Waases) originally filed this action in state court against Defendant Red Ledges Land Development, Inc., (Red Ledges) for claims related to property they purchased in Red Ledges' luxury community. Red Ledges subsequently removed this case to federal court.

Before the court are two motions: the Waases' motion to remand (ECF No. 12) and Red Ledges' motion to dismiss (ECF No. 7). For the following reasons, the court DENIES the Waases' motion to remand and GRANTS Red Ledges' motion to dismiss without prejudice.

**FACTUAL BACKGROUND**[1]

---

[1] All factual allegations are from the Waases' complaint, documents referred to in the Waases' complaint, or public records of which the court takes judicial notice. Utah Gospel Mission v. Salt Lake City Corp., 316 F. Supp. 2d 1201, 1205 n.5 (D. Utah 2004), aff'd, 425 F.3d 1249 (10th Cir. 2005) ("A court may take judicial notice of matters of public record outside the pleadings without converting a motion to dismiss into a motion for summary judgment."). For the purposes of this order, the court accepts the facts contained in the complaint as true. See Albers v. Bd. of Cty. Comm'rs of Jefferson Cty, 771 F.3d 697, 700 (10th Cir. 2014).

1

In 2017, Robert and Renee Waas became interested in purchasing property in Wasatch County, Utah. They communicated with Mike Tulley, Red Ledges' agent, who showed them Lot 231 in the Red Ledges development in Heber City. The Waases liked Lot 231, but they wanted to know if the land to the west of the lot would remain undeveloped open space. Mr. Tulley repeatedly assured the Waases that the area would not be developed.

Relying on Mr. Tulley's representations about the continued existence of the open space, the Waases decided to purchase Lot 231. They executed a purchase agreement with Red Ledges on July 30, 2017. The purchase agreement included a map depicting the land west of Lot 231 as "Open Space."[2] (Mot. to Dismiss Ex. 3 at 21 (ECF No. 7-3).)

When the Waases executed the purchase agreement, they also agreed to become members of the Red Ledges Community Association and to be bound by the Association's Declaration of Covenants, Conditions, and Restrictions (the CC&Rs). (Id. at 2 ¶ 5(a).) Red Ledges is also bound to the CC&Rs. (Mot. to Dismiss Ex. 2 at 1, 48 (ECF No. 7-2).)

Article XX of the CC&Rs is called "Dispute Resolution and Limitation on Litigation." Section 4 of Article XX sets forth mandatory procedures which apply to "all claims… relating to the design or construction of improvements" on properties within the Red Ledges development. (Id. at 48.) All parties and persons subject to the CC&Rs agree "to encourage the amicable resolution of disputed involving [property in the Red Ledges development], without the emotional and financial costs of litigation." (Id.)

---

[2] The Waases' complaint also describes a plat map on record with the Wasatch County Recorder. The plat mat describes the area west of Lot 231 as "Future Phase." (Compl. at ¶ 19 (ECF No. 2-2).) The Waases allege that this map, like the map in the purchase agreement, "does not reflect any plans to develop the area." (Id.)

Claimants must follow the mandatory procedures laid out in Article XX Section 4 "prior to filing suit any court." (Id.) The procedures, in relevant part, include:

> (a) <u>Notice</u>. Any Bound Party having a Claim ('Claimant') against any other Bound Party ('Respondent') . . . shall notify each Respondent in writing (the 'Notice'), stating plainly and concisely: (i) the nature of the Claim, including the Persons involved and Respondent's role in the Claim; (ii) the legal basis of the Claim (i.e., the specific authority out of which the Claim arises); (iii) Claimant's proposed remedy; and (iv) that Claimant will meet with Respondent to discuss in good faith ways to resolve the Claim.
>
> (b) <u>Negotiation and Mediation.</u> (i) The Parties shall make every reasonable effort to meet in person and confer for the purpose of resolving the Claim by good faith negotiation. (ii) If the Parties do not resolve the Claim within 30 days of the date of the Notice…Claimant shall have 30 additional days to submit the Claim to mediation under the auspices of a mediation agency. . . . (iii) If Claimant does not submit the Claim to mediation within such time . . . Claimant shall be deemed to have waived the Claim, and Respondent shall be released and discharged from any and all liability to Claimant on account of such Claim. . .
>
> (c) <u>Final and Binding Arbitration</u>. (i) If the Parties do not agree in writing to a settlement of the Claim within 15 days of the Termination of Mediation, the Claimant shall have 15 additional days to submit the Claim to arbitration in accordance with the Rules of the American Arbitration Association. If not timely submitted to arbitration… the Claim shall be deemed abandoned, and Respondent shall be released and discharged from any and all liability to Claimant arising out of such Claim . . .

(Id. at 49–50.)

After the Waases entered into the purchase agreement with Red Ledges, they began constructing a house on Lot 231. They moved into their new home in the spring of 2020. Soon after, they noticed a roughed-out road in the open space west of Lot 231.

Mr. Waas asked Red Ledges about the road, and Red Ledges told him that it planned to develop fifteen home sites in that area. The Waases reminded Red Ledges that Mr. Tulley said that the area would remain undeveloped open space. Red Ledges responded that it had always planned to develop the area.

## **ANALYSIS**

3

### I. The Waases' Motion to Remand

The Waases initially filed this action in the Fourth Judicial District Court of Wasatch County, State of Utah. (See Compl. (ECF No. 2-2).) Red Ledges removed it to this court on August 12, 2020, on the basis of diversity jurisdiction. The Waases seek to remand the case to state court.

28 U.S.C. § 1441(a) permits a defendant to remove any civil action brought in a state court to federal district court, provided that the federal court has original jurisdiction over the case. But if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

When a case is removed on the basis of diversity jurisdiction, the removing party bears the burden of demonstrating by a preponderance of the evidence that the requirements of diversity jurisdiction are met. Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013). Because federal courts are courts of limited jurisdiction, there is presumption against removal, and removal statutes are strictly construed. Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1016 (10th Cir. 2013); Gabbert v. Wells Fargo Home Mortg., No. 1:15-CV-16 TS, 2015 WL 3685331, at *2 (D. Utah June 12, 2015).

A federal court has diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332 (a)(1). The parties must be completely diverse, meaning "no plaintiff may be a citizen of the same state as any defendant." Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015) (citation omitted).

The Waases and Red Ledges agree that the amount in controversy in this action exceeds $75,000. But they disagree about the existence of complete diversity—according to the Waases, both parties are citizens of Utah.

For individuals, citizenship is determined by the person's domicile, which is the state where he or she resides and intends to remain indefinitely. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). When the Waases initially filed their complaint in state court, they alleged that they "are New Jersey residents." (See Compl. at ¶ 1). But in their motion, the Waases explain that they now consider the house they built in the Red Ledges development to be their fixed and permanent home. Although they still have a house in New Jersey, their Utah home is their primary place of habitation and where they intend to remain indefinitely. For this reason, the court agrees that the Waases are citizens of Utah.

The Waases argue that Red Ledges is also a citizen of Utah and as a result, complete diversity does not exist between the parties. As a corporation, Red Ledges is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It is undisputed that Red Ledges was incorporated in Florida and accordingly has Florida citizenship. (See Opp'n to Mot. to Remand Ex. A at 1 (ECF No. 16-1).)

Red Ledges maintains that its principal place of business is in Florida. The Waases, to the contrary, say that it is in Utah. A corporation's principal place of business is its "nerve center." Hertz Corp. v. Friend, 559 U.S. 77, 95–96 (2010). This location "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." Id. at 93.

5

In support of its contention that its nerve center is in Florida, Red Ledges has submitted the declaration of its vice president and chief operating officer. [3] (See Opp'n to Mot. to Remand Ex. C (ECF No. 16-3).) The declaration states that Red Ledges' headquarters are located in Miami, Florida, where the company's two owners, M. Anthony Burns and Nolan Archibald, also reside. Mr. Burns and Mr. Archibald direct, control, and coordinate Red Ledges' activities from Florida. They make decisions on all material matters affecting Red Ledges, including developing business plans and corporate strategies, determining the salaries of employees, evaluating the company's profitability, and approving department budgets. Almost every day, Mr. Burns and Mr. Archibald provide general and specific direction to Red Ledges' vice president from Florida. Red Ledges' corporate records are kept in Florida, its board meetings are held in Florida, and its corporate taxes are paid in Florida. It is clear that Red Ledges' principal place of business is Florida.

In moving to remand, the Waases point out that all of Red Ledges' real property is located in Utah and most of the company's day-to-day affairs are managed from Utah. But as this court has explained, "at its heart, the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled. Put slightly differently, the federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business." Xat.com Ltd. v. Hosting Servs., Inc., No. 1:16-CV-00092-PMW, 2019 WL 2023768, at *2 (D. Utah May 8, 2019) (quoting Harrison v. Granite Bay

---

[3] Because the Waases challenge Red Ledges' citizenship allegations as stated in Red Ledges' notice of removal, the court can look to evidence outside of the pleadings to see if diversity jurisdiction exists. See McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008); EdiZONE, LLC v. DJO, LLC, No. 2:16-CV-00068-DB, 2016 WL 9412590, at *3 (D. Utah Mar. 30, 2016).

Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016)). Regardless of the volume of Red Ledges' activity that takes place in Utah, "the buck stops" with Mr. Burns and Mr. Archibald in Florida.

The Waases also contend that Red Ledges waived its right to remove this case to federal court when it acknowledged that Utah is its principal place of business in past state court cases. For example, in Red Ledges Land Development, Inc. v. Cottage Capital, LLC, et al., Case No. 110500174, filed in Utah's Fourth District Court, Red Ledges' complaint alleged that its principal place of business was Wasatch County, Utah. (See Mot. to Remand Ex. C (ECF No. 12-3).) The Waases have attached six pleadings from other cases in which Red Ledges expressly acknowledged that its principal place of business is Utah. See id. Exs. C–H.

The amount of evidence that Red Ledges has provided about its operations in Florida convinces the court that regardless of where Red Ledges' principal place of business may have been in the past, it is currently in Florida. The cases that the Waases cite in support of their waiver argument are inapposite. In Home Indem. Co. v. Greyhound Corp., the court remanded a case because the defendant who removed the case had previously sued the same plaintiff about "exactly the same issue" in state court. 1989 U.S. Dist. LEXIS 8687 *5–6. Unlike the state court case in Greyhound, none of the pleadings attached by the Waases involved the same issues as the present case. And, importantly, the other proceedings were between Red Ledges and other parties. Likewise, the other case that the Waases cite, Uriarte v. Wells Fargo Bank N.A, is unpersuasive because the defendant in that case did not deny that its principal place of business was the same state as its state of incorporation, which was also the plaintiffs' state of citizenship. No. 11-CV-2082-IEG WVG, 2011 WL 5295285, at *8 (S.D. Cal. Nov. 3, 2011).

Because the Waases are citizens of Utah and Red Ledges is not, there is diversity of citizenship as required by 28 U.S.C. § 1332 (a)(1). Consequently, this court has subject matter jurisdiction and the Waases' motion to remand is denied.

**II.     Red Ledges' Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must plead facts sufficient to state a claim to relief that is plausible on its face." Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013) (internal punctuation omitted) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013). The court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.,771 F.3d 697, 700 (10th Cir. 2014).

The Waases raise seven causes of action against Red Ledges: breach of contract, breach of the implied covenant of good faith and fair dealing, lack of consideration, fraudulent misrepresentation, negligent misrepresentation, and violation of the Utah Consumer Sale Practices Act. Red Ledges moves to dismiss all seven claims. Its principal argument in support of dismissal is that the Waases waived their claims when they failed to comply with the alternative dispute resolution procedures required by Article XX of the Red Ledges Community Association's Covenants, Conditions, and Restrictions (CC&Rs).

"Arbitration is a contractual remedy for the settlement of disputes," and parties are free to structure alternative dispute resolution in any manner they desire. Peterson & Simpson v. IHC Health Servs., Inc., 217 P.3d 716, 720 (Utah 2009) (internal quotations omitted). A court respects the parties' freedom to contract by enforcing arbitration agreements "according to their terms and

[ensuring that] arbitration proceedings [are] conducted in the manner to which the parties have agreed." Id. (quoting Buckner v. Kennard, 99 P.3d 842, 848 (Utah 2004)). "When the parties to a dispute have contracted to settle their dispute in arbitration, the role of the courts is extremely limited." Id. at 719. As with any contract, the court determines what the parties have agreed upon by looking at the plain language within the four corners of the agreement. Id. at 720.

According to Article XX, Section 4, the Waases were required to notify Red Ledges in writing about the nature and legal basis of their claims and to propose a remedy. After the Waases sent notice, the parties were required to "make every reasonable effort to meet in person and confer for the purpose of resolving the claim by good faith negotiation." (Mot. to Dismiss Ex. 2 at 49 (ECF No. 7-2).) If the parties did not resolve the claims within 30 days of the Waases' notice, the Waases had thirty additional days to submit their claims to mediation with a mediation agency. "If Claimant does not submit the Claim to mediation within such time . . . Claimant shall be deemed to have waived the Claim, and Respondent shall be released and discharged from any and all liability to Claimant on account of such Claim." (Id.) Finally, if the parties still could not reach a settlement within fifteen days after the termination of mediation, the Waases were then required to submit their claims to arbitration in accordance with American Arbitration Association rules.

The parties primarily dispute the date of the Waases' notice. Red Ledges says that the Waases gave notice in a letter they sent on May 23, 2020 (the May 23rd letter). (See Mot. to Dismiss Ex 6 (ECF No. 7-6).) If, as Red Ledges' suggests, the May 23rd letter is proper notice under Article XX, then the Waases did not invoke mediation within thirty days of sending the letter and as a result have waived their claims.

The Waases counter that the May 23rd letter was merely a "settlement letter," and did not give notice under Article XX. Instead, the Waases say that they gave notice to Red Ledges when they filed the instant lawsuit on July 1, 2020, and that they have complied with the CC&Rs since then. The Waases sent a written request to Defendant's counsel on August 28, 2020, to mediate this dispute, but they note that Red Ledges "has not met its obligations under the Declaration because it has not identified a potential mediator as required by the Declaration." (Opp'n to Mot. to Dismiss at 5–6 (ECF No. 15).)

Although the court cannot consider the May 23rd letter at this stage in the proceedings,[4] the Waases have not shown that they have complied with the mandatory procedures set forth in Article XX.[5] The Waases say that they invoked the mandatory procedures on "the date when the complaint was filed." (Opp'n to Mot to Dismiss at 5.) But Article XX requires the Waases to have complied with the mandatory procedures "prior to filing suit in any court." (Mot to Dismiss Ex. 2 at 48.) Instead, the Waases sent the May 23rd letter to Red Ledges, had a few communications back and forth, filed the present lawsuit, and then requested mediation. These actions do not comply with the plain language of Article XX, under which the Waases should have notified Red Ledges of their claims <u>before</u> filing suit, in order to avoid the "emotional and financial costs of litigation." (Mot. to Dismiss Ex. 2 at 48.) The Waases cannot assert that their

---

[4] A court may consider an exhibit attached to a motion to dismiss if "it is mentioned in the complaint, it is central to [the] claims [being challenged], and its authenticity is not disputed." Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 521 (10th Cir. 2013). The May 23rd letter is not mentioned in the Waases' complaint, nor is it central to or related to the merits of the Waases' contractual and tort claims against Red Ledges. The May 23rd letter only pertains to the issue of whether the Waases complied with the mandatory procedures set forth in Article XX of the CC&Rs. Accordingly, the court cannot consider the letter because it is outside of the pleadings.

[5] The court can consider the CC&Rs because they are public records of which the court takes judicial notice. Utah Gospel Mission, 316 F.Supp.2d at 1206 n. 5.

action against Red Ledges is both a lawsuit and an "alternative method for resolving disputes" under Article XX. Id.

The Waases contractually agreed to submit their claims to the alternative dispute resolution procedures set forth in Article XX. They have not provided sufficient allegations demonstrating that they have done so, and as a result, their claims are dismissed. But because factual issues persist regarding the date and sufficiency of the Waases' notice and the subsequent invocation of mediation, the court cannot definitively rule on the issue of whether the Waases have waived their claims under Article XX. For this reason, the Waases' claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Waases' Motion to Remand (ECF No. 12) is DENIED. Red Ledges' Motion to Dismiss (ECF No. 7) is GRANTED without prejudice.

DATED this 24th day of February, 2021.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge