Brent O. Hatch (5715)
 hatch@hatchpc.com
Tyler V. Snow (12668)
 snow@hatchpc.com
**HATCH LAW GROUP PC**
22 East 100 South, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
*Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT AND RENEE WAAS, individuals,<br><br>*Plaintiffs,*<br><br>v.<br><br>RED LEDGES LAND DEVELOPMENT INC.,<br>a Florida corporation, an individual,<br><br>*Defendant.* | **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO DUCivR 7-1(b)(4)**<br><br>Case No. 2:20-cv-00580-TC<br><br>District Judge Tena Campbell |

In the briefing related to Defendant's Motion for Award of Attorney Fees and Expenses (ECF No. 31), both parties addressed the reasonableness of the rates and fees Defendant incurred in defending this action. (ECF No. 32 at 5-7; ECF No. 33 at 8-10.) Clarifying this issue, on April 29, 2021, the Utah Court of Appeals entered an opinion in *Monaco Apartment Homes v. Figueroa*, 2021 UT App 50, a copy of which is attached as **Exhibit A**. This case makes clear that, in a contract context, inquiring into the reasonableness of a fee is inappropriate unless such inquiry is provided for in the contract. Here, the parties' Lot Purchase Agreement does not provide for an inquiry into the reasonableness of fees; rather, the Agreement provides that the prevailing party is entitled to an

1

award of "**actual attorneys' and other fees**" (emphasis added). (ECF No. 7-3.)[1]

In *Figueroa*, although the parties had previously agreed to a fixed amount of attorney fees of $920 in the event of a breach, the district court awarded fees of only $350 to the non-breaching party. The district court explained that this reduction was on account of "the absence of an individualized showing of reasonableness" in the supporting affidavit. *Id.* ¶¶ 2-5. Finding that this reduction was an abuse of the trial court's discretion, the Utah Court of Appeals vacated the trial court's judgment. *Id.* ¶ 1.

The *Figueroa* opinion is instructive with respect to the motion for attorney fees which is pending before the Court.

*First*, the *Figueroa* opinion addresses the arguments Plaintiffs made at pages 2-5 of their Opposition. Specifically, Plaintiffs argued that the Court should look to case law interpreting discretionary fee-shifting statutes (which is a more stringent analysis) to determine whether Defendant is entitled to attorney fees. *See* Plaintiffs' Opp. Mot. Award Att'y Fees at 2-5. The Court of Appeals in *Figueroa* explained that instead of looking to statute and case law to interpret provisions of the contract, the contract should be enforced as written. It cited *Jones v. Riche*, 2009 UT App 196, 216 P.3d 357, in which the district court had looked to statute and case law interpreting "successful party" and "prevailing party" to interpret the meaning of the contract's "defaulting party" language. The Court of Appeals rejected that approach in *Jones*.

Specific holdings in *Figueroa* include: "If the legal right to attorney fees is established by

---

[1] By agreeing that the prevailing party is entitled to "actual" attorney fees—as opposed to "reasonable" attorney fees—the parties essentially shifted to the party paying the fees initially the responsibility to determine whether a particular rate or fee is reasonable, as they would be incurring such fees from the inception of the case, with no guarantee of prevailing or of being reimbursed for such fees.

2

contract, Utah law clearly requires the court to apply the contractual attorney fee provision and ***to do so strictly in accordance with the contract's terms***." *Figueroa*, 2021 UT App 50, ¶ 11 (quoting *Jones*, 2009 UT App 196, ¶ 2) (emphasis added; cleaned up). "Attorney fee provisions should ordinarily be honored by the courts and attorney fees awarded in accordance with the terms of the parties' agreement, and when the legal right to attorney fees is contractual, ***the court does not possess the same equitable discretion to deny attorney fees that it has when fashioning equitable remedies***, or applying a statute which allows the discretionary award of such fees . . . ." *Id.* (quoting *Jones*, 2009 UT App 196, ¶ 2) (emphasis added; cleaned up). Here the parties' agreement entitles the prevailing party to attorney fees with respect to a discreet action, not an action on the merits or one that materially or with finality alters the parties' legal relationship. *See* Lot Purchase Agreement, ECF No. 7-3 ¶ 12.a ("[T]he prevailing party in **any such action or proceeding** shall be entitled to receive . . . all costs and expenses . . . incurred by the prevailing party in connection with such action or proceeding" (emphasis added).).   Plaintiffs' Opposition brief at pp. 2-5 takes the opposite approach from that in *Figueroa* by citing case law which employs the standard used for evaluating "prevailing party" that is used for interpreting discretionary fee-shifting statutes.

*Second*, the *Figueroa* opinion addresses the arguments Plaintiffs made at pages 5-7 of their Opposition. Plaintiffs argued that Defendant's actual attorney fees should be reduced, claiming the attorney fee rates and hours billed are not reasonable.  *See* Plaintiffs' Opp. Mot. Award Att'y Fees at 5-7.

The attempt to reduce actual billed fees and insert a reasonableness requirement does not exist in the parties' contract. Lot Purchase Agreement, ECF No. 7-3 ¶ 12.a ("all costs and expenses, including **actual attorneys' and other fees**, incurred by the prevailing party" (emphasis added)). The Court of Appeals in *Figueroa* addressed this issue and there "remand[ed] for the court ***to award***

3

***the full request for attorney fees in line with the [agreement]***, unless the court identifies a proper legal basis for refusing to enforce the [agreement]." 2021 UT App 50, ¶ 13 (emphasis added). "Absent some explanation of which contract law principles rendered the [agreement] unenforceable, the district court cannot have exercised proper discretion in failing to enforce the parties' [agreement]." *Id.* ¶ 12. Here the parties' agreement required the award of "actual attorneys' and other fees," not fees reduced as proposed by Plaintiffs.

For these reasons, the Utah Court of Appeals' opinion in *Figueroa* further supports Defendant's motion for award of attorney fees and expenses.

DATED this 5th day of May, 2021.

                                      HATCH LAW GROUP PC

By:    */s/ Brent O. Hatch*
         Brent O. Hatch
         Tyler V. Snow
         *Counsel for Defendant*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2021 I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

                    By:    */s/ Brent O. Hatch*
                              Brent O. Hatch
                              Hatch Law Group PC