IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT and RENEE WAAS, individuals,<br><br>Plaintiffs,<br>v.<br><br>RED LODGES LAND DEVELOPMENT, INC., a Florida Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND EXPENSES<br><br>Case No. 2:20-cv-580 TC<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Red Lodges Land Development Inc., moves the court for an award of attorney fees and expenses in defending this action asserting it was the prevailing party. Plaintiffs Robert and Renee Waas, brought suit raising seven causes of action. Ultimately, their claims were dismissed without prejudice. The parties dispute whether Defendant is the "prevailing party" because Plaintiffs' claims were dismissed without prejudice. Having reviewed the pleadings and relevant case law, the undersigned finds Defendant is the prevailing party following the reasoning of the Supreme Court in *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016). Defendant's motion therefore is GRANTED.[1]

---

[1] This motion is referred to the undersigned from Judge Tena Campbell. (ECF No. 36.) Because this is a motion for attorney fees post-judgment, the district court may choose to review this motion as a Report and Recommendation triggering a de novo standard of review. *See Ins. Co. of N. Am. v. Bath*, 968 F.2d 20, 1992 WL 113746, at *2 (10th Cir. 1992) ("A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1)."); *see also Weatherby v. Sec. of Health and Human Services*, 654 F.Supp. 96 (E.D.Mich.1987) (post-judgment attorney fee order entered by magistrate set aside as outside scope of § 636(b)(1)(A)); *cf. Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458 (10th Cir.1988) (award of attorney fees as discovery sanction is non-dispositive).

BACKGROUND

In short, this matter arises from a dispute between the parties regarding property purchased by Plaintiffs. Plaintiffs purchased property in Wasatch County, Utah, and thought that to the west of the property there would be undeveloped open space. Plaintiffs were allegedly assured by Mike Tulley, Defendant's agent, that this was correct. Plaintiffs executed a purchase agreement for the property and became members of the Red Ledges Community Association. The Association and Plaintiffs are bound by certain Covenants, Conditions, and Restrictions (CCRs) found in their agreement. Among these CCRs is one regarding Dispute Resolution and Limitation on Litigation. It provides for certain requirements, including notice requirements, and "reasonable efforts" to resolve disputes by mediation and arbitration. In considering the background of this dispute, the court found Plaintiffs failed to provide sufficient allegations that they complied with the alternative dispute resolution procedures as set forth in the agreement. (ECF No. 29 p. 11.) But, because it was unclear from the record whether Plaintiffs waived their claims under a certain section of the parties' agreement, the court dismissed Plaintiffs' claims without prejudice. The court also denied Plaintiffs' Motion to Remand this matter back to state court.

DISCUSSION

Defendant argues it is entitled to recover its fees and expenses under the Lot Purchase Agreement between the parties. Section 12(a) of the agreement provides:

> Attorneys' and Other Fees. Should either party institute any action or proceeding to enforce or interpret this Purchase Agreement or any provision hereof, for damages by reason of any alleged breach of this Purchase Agreement or of any provision hereof, or for a declaration of rights hereunder, the prevailing party in any such action or proceeding shall be entitled to receive from the other party all costs and expenses, including actual attorneys' and other fees, incurred by the prevailing party in connection with such action or proceeding. The term "attorneys' and other fees" shall mean and include attorneys' fees, accountants'

2

fees, paralegal fees, expert witness fees, and any and all other similar fees
incurred in connection with the action or proceeding and preparations therefore.
The term "action or proceeding" shall mean and include actions, proceeds, suits,
arbitrations, appeals and other similar proceedings.

(ECF No. 7-3 p. 8.) Defendant asserts it is the "prevailing party" under the terms of the

Agreement making attorneys' fees and other fees recoverable. The question before the court is

whether Defendant may be considered the prevailing party when the matter was dismissed

without prejudice.

Plaintiffs argue Defendant is not the prevailing party because their claims were dismissed

without prejudice. In support Plaintiffs cite to a number of cases from the Supreme Court and

other circuits. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum.*

*Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 1839 (2001) ("Congress, … has authorized the award

of attorney's fees to the "prevailing party" in numerous statutes in addition to those at issue here

… a "prevailing party" is one who has been awarded some relief by the court"); *Texas State*

*Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989)

("'[r]espect for ordinary language requires that a plaintiff receive at least some relief on the

merits of his claim before he can be said to prevail.'") (citation omitted); *Dunster Live, LLC v.*

*LoneStar Mgmt. Co., LLC*, 908 F.3d 948, 951 (5th Cir. 2018) ("A dismissal without prejudice

means no one has prevailed; the litigation is just postponed with the possibility of the winner

being decided at a later time in a new arena."); *Alief Indep. Sch. Dist. v. C.C. ex rel. Kenneth C.*,

655 F.3d 412, 418, 272 Ed. Law Rep. 797, 2011 WL 3964575 (5th Cir. 2011) ("The voluntary

dismissal of a complaint, without prejudice, does not alter the legal relationship between the

[parties]"); *United States v. Milner*, 583 F.3d 1174, 1196–97 (9th Cir.2009) ("[A] dismissal

without prejudice does not materially alter the legal relationship of the parties, because the

defendant remains subject to the risk of re-filing."); *Wopsock v. Dalton*, No. 2:12-CV-00570-

RJS, 2020 WL 5645621, at \*3 (D. Utah Sept. 22, 2020) (noting the difference between a dismissal without prejudice and one with prejudice where a material change in the legal relationship leading to a prevailing party that is entitled to an award of costs).

Each of these cases, however, pertain to federal fee statues and not a contract between parties. Under federal law, the term "prevailing party", as used in federal statutes, is a term of art, which requires a "material alteration of the legal relationship of parties in a manner which Congress sought to promote in the fee statute." *Kansas Jud. Watch v. Stout*, 653 F.3d 1230, 1235 (10th Cir. 2011) (citing *Buckhannon Bd. And Care Home, Inc., v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001)). This case involves a contractual relationship between the parties making the cases cited to by Plaintiffs distinguishable. "'If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms.'" *Major v. Valderra Dev.*, LLC, No. 2:17-CV-00974-DN, 2019 WL 399154, at \*2 (D. Utah Jan. 31, 2019) (quoting *Express Recovery Servs., Inc. v. Olson*, 397 P.3d 792, 794 (Utah Ct. App. 2017) (other quotation omitted).

Under the Purchase Agreement, "the prevailing party … shall be entitled to receive from the other party all costs and expenses, including actual attorneys' and other fees." (ECF No. 7-3 p. 8.) "Utah courts generally apply a 'common sense 'flexible and reasoned' approach ... to the interpretation of contractual 'prevailing party' language.'" *Valderra Dev., LLC,* 2019 WL 399154, at \*2 (quoting *Olson*, 397 P.3d at 794). This approach is consistent with the Supreme Court's decision in *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016). In *CRST* the Supreme Court stated:

> Common sense undermines the notion that a defendant cannot "prevail" unless
> the relevant disposition is on the merits. Plaintiffs and defendants come to court

with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. <u>The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason</u>.

*Id.* at 431. (emphasis added).

Applying this commonsense, flexible, and reasoned approach, the court finds Defendant is the prevailing party in this case. Plaintiffs sought to change the legal relationship between the parties ensuring that there would be open space to the west of their property. Defendant meanwhile, is developing that section of property. The mere fact that the matter was dismissed without prejudice does not prevent finding Defendant is the prevailing party. *See id.; In re Natural Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1025-26 (10th Cir. 2017) (noting that being the prevailing party is not dependent upon a judgment on the merits of a claim). Moreover, Defendant prevailed in convincing the court to deny Plaintiffs' Motion to Remand the case to state court. On the whole, based upon the contractual terms and relevant case law, Defendant is the prevailing party under the terms of the contract. Having found Defendant is the prevailing party, the court next turns to the reasonableness of the request.

Defendant requests an award of attorney fees in the amount of $70,420 and expenses in the amount of $1,050.69. In support Defendant's counsel submits a declaration of attorney fees and expenses. In that declaration, managing partner and Counsel Brent Hatch notes that he reduced his normal fees from $750 per hour to $650 per hour. Tyler Snow, a senior attorney at the Hatch Law Group billed at the rate of $400 per hour, and Grace Bronchella, a paralegal, billed at the rate of $125 per hour.

Plaintiffs take issue with Defendant's attorneys' fee request imploring that it is unreasonable. In support, Plaintiffs cite to a survey conducted by the Utah State Bar from 2011 and point to the rates charged by shareholders at Plaintiffs' Counsels' firm, which are less than those sought by Defense Counsel. Plaintiffs also attack the time spent on this matter asserting it too, is unreasonable. Plaintiffs' second contention rings hollow based on Plaintiffs' own litigation strategies. A review of this case indicates that Plaintiffs sought a questionable *lis pendens* and pursued a Motion to Remand. Each of those strategies, along with others, necessitated responses from Defendant.

Turning to Plaintiffs' first contention, the court is not persuaded that a ten-year old survey from 2011 is dispositive as to what is a reasonable attorney fee. Undoubtedly Mr. Hatch's rates are at the top end of the Salt Lake City market. Yet, they do not appear to be unreasonable given his experience. The attached Declaration of Paul Moxley, a former President of the Utah Bar, noting that senior partners may be compensated in a similar price range adds further support to this determination. Moreover, a self-serving citation to Plaintiffs' Counsels' own rates is not persuasive enough to change the court's finding. In short, on the entirety of the record, the court finds the attorneys' fees sought by Defendant to be reasonable.

ORDER

Accordingly, based upon the foregoing reasons, Defendant's Motion for Award of Attorneys' Fees and Expenses is GRANTED.

DATED this 8 November 2021.

_____
Dustin B. Pead
United States Magistrate Judge